UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20888-MOORE/Elfenbein

**RAZIEL OFER**,

    Plaintiff,

v.

**STEPHEN T. MILLAN**, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

**THIS CAUSE** is before the Court on Plaintiff Raziel Ofer's Motion to Strike (the "Motion to Strike"). *See* ECF No. [51]. In the Motion to Strike, Plaintiff asks the Court to strike Defendants Stephen T. Millan and Millan Law Firm, P.A.'s (collectively, "Defendants") Notice of Filing Supporting Document for their Motion to Dismiss (the "Notice"), ECF No. [50]. *See* ECF No. [51]. The Notice attaches a copy of an arrest warrant issued for Plaintiff in April 2023, which is based on his probation officer's report that he violated several conditions of a 2022 probation sentence he received after Florida felony convictions of organized fraud, grand theft, and three counts of stopping payment on checks. *See* ECF No. [50-1]. According to the Notice, the arrest warrant is an exhibit in support of Defendants' Motion to Dismiss, ECF No. [17]. *See* ECF No. [50]. The Motion to Dismiss, in turn, is based entirely on the argument that Plaintiff's claims against Defendants should be dismissed under the "fugitive disentitlement doctrine" because he is a fugitive. *See* ECF No. [17]. For the reasons explained below, the Motion to Strike, ECF No. [51], is **DENIED**.[1]

---

[1] The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as

**I.   BACKGROUND**

Plaintiff sued eleven individuals and entities, including Defendants, for conversion, unjust enrichment, and theft based on allegations that they "conspired" to "facilitate the theft" of his real property, specifically two Miami Beach hotels he claims are valued at more than $30 million. *See generally* ECF No. [1]; ECF No. [4]. In response to Plaintiff's Amended Complaint, Defendants filed the Motion to Dismiss. *See* ECF No. [17]. The Motion to Dismiss argues that the Court should dismiss Plaintiff's Amended Complaint because he is a fugitive, his fugitive status is connected to the claims he asserts in the Amended Complaint, and dismissal is "necessary to effectuate the concerns underlying the fugitive disentitlement doctrine." *See generally* ECF No. [17]. The Motion to Dismiss included three attachments: (1) the arrest records and charging documents related to Plaintiff's conviction, *see* ECF No. [17-1]; (2) the judgment and sentencing documents related to Plaintiff's conviction, *see* ECF No. [17-2]; and (3) Plaintiff's "absconder/fugitive information detail" from the Florida Department of Corrections' website, all of which are available to the public, *see* ECF No. [17-3].

A little more than two months after filing the Motion to Dismiss, Defendants filed the Notice. *See* ECF No. [50]. The Notice added another document in support of the Motion to Dismiss, specifically an arrest warrant issued for Plaintiff in April 2023. *See* ECF No. [50]; ECF No. [50-1]. The arrest warrant was issued based on an affidavit from Plaintiff's probation officer averring that Plaintiff had violated three of his probation conditions. *See* ECF No. [50-1].

A few days later, Plaintiff filed the Motion to Strike, asking the Court to strike the Notice pursuant to Federal Rule of Civil Procedure 12(f). *See* ECF No. [51] at 1. The Motion to

---

required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." *See* ECF No. [25]. Because the Motion to Strike involves a non-dispositive matter, I resolve it with an Order instead of a Report and Recommendation. *See, e.g.*, *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (noting that a non-dispositive matter is one that does not "dispose[] of a claim or defense of any party").

Strike falls within the scope of my referral, *see* ECF No. [25], and involves a non-dispositive matter, *see Smith*, 487 F.3d at 1365.

## II. LEGAL STANDARDS

### A. Motions to Strike

"The court may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). By definition, a "pleading" is one of these seven documents: (1) "a complaint," (2) "an answer to a complaint, (3) "an answer to a counterclaim designated as a counterclaim," (4) "an answer to a crossclaim," (5) "a third-party complaint," (6) "an answer to a third-party complaint," and (7) "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Motions, by contrast, are not pleadings. *See, e.g.*, *Airport Rent-A-Car, Inc. v. Prevost Car, Inc.*, 788 F. Supp. 1203, 1205 (S.D. Fla. 1992) ("A motion to dismiss is not a responsive pleading."); *Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading.").

For purposes of a motion to strike, a matter is redundant if it "essentially repeats" information or arguments that have already appeared in another filing by that party. *See Pro Transp., Inc. v. Great Am. Assurance Co.*, No. 17-CV-20724-KMM, 2018 WL 11352652, at *11 (S.D. Fla. Jan. 30, 2018); *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 678 (M.D. Ala. 1998) ("'Redundant' matter consists of allegations that constitute a needless repetition of other averments." (quoting 5A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1382 at 704 (1990))); 2 Moore's Federal Practice § 12.37 (Matthew Bender 3d Ed. 2024) ("[C]ourts will strike a claim as 'redundant' when it essentially repeats another claim in the same

3

complaint."). A matter is immaterial if it "has no value in developing the issues of the case," is impertinent if it is "irrelevant to the issues" or "not properly in issue between the parties," and is scandalous if it is "both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *See Blake v. Batmasian*, 318 F.R.D. 698, 700 nn.2–4 (S.D. Fla. 2017).

"The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Id.* at 700. "Courts consider striking a pleading to be a drastic remedy and generally view motions to strike with disfavor." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) (quotation marks omitted). "A motion to strike will therefore usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quotation marks omitted); *see also Blake*, 318 F.R.D. at 700–01 ("[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."); *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013) ("Relief under Rule 12(f) is granted sparingly. . . ."). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Blake*, 318 F.R.D. at 700.

### B.     Fugitive Disentitlement Doctrine

"The United States Supreme Court has long recognized" a court's "ability to exercise its discretion by refusing to hear or to decide the [case] of a fugitive from justice." *See United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997) (citing *Molinaro v. New Jersey*, 396 U.S. 365 (1970); *Ortega–Rodriguez v. United States*, 507 U.S. 234 (1993)); *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) ("The fugitive disentitlement doctrine limits access to courts by a fugitive who has fled a criminal conviction in a court in the United States."). "Although the

doctrine has traditionally been applied by the courts of appeal to dismiss the appeals of fugitives, district courts 'may sanction or enter judgment against parties on the basis of their fugitive status.'" *Ener v. Martin*, 379 F. Supp. 3d 1377, 1381 (S.D. Fla. 2019) (quoting *Magluta*, 162 F.3d at 664). "And while the doctrine typically applies to criminal defendants, 'the doctrine has also been applied where the fugitive was not a criminal defendant, but instead was a civil litigant who continued to ignore court orders and evade arrest.'" *Id.* (quoting *Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001)); *see also Pesin*, 244 F.3d at 1252 ("[T]he fugitive disentitlement doctrine has been applied at both the trial and appellate level and in both criminal and civil cases.").

A "court's power to dismiss a cause on fugitive-driven grounds is an inherent aspect of its authority to enforce its orders and [e]nsure prompt disposition of lawsuits." *See Ener*, 379 F. Supp. 3d at 1381 (quotation marks omitted). "The power of a court to disentitle a fugitive from access to the court's power is not jurisdictional in nature." *Pesin*, 244 F.3d at 1252. "Instead, the doctrine is an equitable one and rests upon the power of the courts to administer the federal courts system." *Id.*

"To dismiss an affirmative claim pursuant to the fugitive disentitlement doctrine, the following three elements must be satisfied: (1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine." *Ener*, 379 F. Supp. 3d at 1381; *see also Barnette*, 129 F.3d at 1183 (noting that a party's "fugitive status must have a connection, or nexus, to the" court "process he seeks to utilize"). The primary rationale underlying the fugitive disentitlement doctrine is to avoid issuing what would, in essence, be an advisory opinion. *See Pesin*, 244 F.3d at 1253; *Barnette*, 129 F.3d at 1183. When

the Supreme Court first applied the doctrine, it "noted that it had no assurance that whatever judgment it rendered would be enforceable, since the petitioner was outside the reach of the law and would likely ignore an unfavorable result." *Pesin*, 244 F.3d at 1252 (citing *Smith v. United States*, 94 U.S. 97 (1876)); *see also Barnette*, 129 F.3d at 1183 ("Impossibility of enforcement was the initial reason for the establishment of the fugitive disentitlement doctrine," which is why courts deciding whether it applies pay particular attention to whether the fugitive would view the court's order "as merely advisory (and [his] compliance therewith optional).").

"Aside from the difficulty of enforcing a judgment against a fugitive, other rationales underlying the doctrine include promoting the efficient operation of the courts, discouraging flights from justice, and avoiding prejudice to the other side caused by the [party]'s fugitive status." *Pesin*, 244 F.3d at 1252; *see also Barnette*, 129 F.3d at 1183 ("The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing that 'fugitive' to use the resources of the courts only if the outcome is an aid to him, the need to avoid prejudice to the nonfugitive party, and the discouragement of flights from justice."). "[W]hen enforcement is possible despite the [fugitive]'s absence," however, courts have "refused to allow application of disentitlement." *See Barnette*, 129 F.3d at 1184.

"[T]o be considered a fugitive for purposes of the fugitive disentitlement doctrine, a party must either have absented himself from the jurisdiction with the intent to avoid prosecution," "constructively fled," *Ener*, 379 F. Supp. 3d at 1382 (cleaned up), or "depart[ed] from his usual place of abode and conceal[ed] himself within the district," *Barnette*, 129 F.3d at 1183 (quotation marks omitted). A party has constructively fled when he "departed for a legitimate reason from the jurisdiction in which his crime was committed but . . . later remains outside that jurisdiction

for the purpose of avoiding prosecution." *Ener*, 379 F. Supp. 3d at 1382 (cleaned up). A party "in an entirely civil matter" can be a "fugitive[] for purposes of the doctrine" if he "continue[s] to evade arrest." *See Barnette*, 129 F.3d at 1183 (quotation marks omitted). In fact, the Eleventh Circuit has explained that "[u]nder certain circumstances the disentitlement doctrine may be even more applicable to civil than criminal cases: because a [party]'s liberty is not at stake, less harm can come from the refusal to entertain the [claim]." *See id.*

### III. DISCUSSION

In the Motion to Strike, Plaintiff argues that the Notice is "wholly frivolous" and "completely irrelevant to the issues" raised in the Amended Complaint. *See* ECF No. [51] at 2. He also argues that the arrest warrant attached to the Notice was issued in error because he had "the permission of the court" to travel internationally while on probation but could not return to the United States because of medical issues. *See* ECF No. [51] at 3.

Defendants make three arguments in response: first, that the Motion to Strike is "procedurally improper" because "motions filed pursuant to Rule 12(f) are properly directed to pleadings, not other motions," *see* ECF No. [52] at 1–2; second, that "the arrest warrant is directly relevant to the Motion to Dismiss" it is intended to support, *see* ECF No. [52] at 5; and third, that Plaintiff's assertion that he had court permission to travel internationally is an "unmitigated lie," both because he left the country before filing a motion requesting permission to travel and because the state court denied the belated motion he filed, *see* ECF No. [52] at 2–3. Defendants also note that the arrest warrant was issued one day after Plaintiff's motion requesting permission to travel but a full week *before* the state court conducted a hearing on the motion and denied it. *See* ECF No. [52] at 3.

Plaintiff replies that Defendants' Motion to Dismiss "is in fact a pleading that is subject to" Rule 12(f), citing *Williams* as support. *See* ECF No. [53] at 3. He argues that the Amended Complaint "has absolutely no relationship and no nexus with" his state criminal conviction[2]. *See* ECF No. [53] at 2. He notes that "there is a pending Motion to Quash the outstanding bench warrant based on" his "ongoing, documented medical condition," which he is willing to substantiate through medical records. *See* ECF No. [53] at 2. And, he asserts that when he left the country, he "did so with the consent of" his then-lawyer, "who advised there would be no issue with" him "traveling for business." *See* ECF No. [53] at 4.

To begin, the Court agrees with Defendants that a motion to strike is not the appropriate vehicle for the relief Plaintiff seeks. Rule 12(f) makes clear that motions to strike are intended to be directed at pleadings, and Rule 7(a) makes clear that motions to dismiss are not pleadings. *See* Fed. R. Civ. P. 12(f), 7(a); *Airport Rent-A-Car, Inc.*, 788 F. Supp. at 1205; *Polite*, 314 F. App'x at 184 n.7. And *Williams*, the decision Plaintiff cites in support of his contention that motions are pleadings, says no such thing. *See* 289 F.R.D. at 700. *Williams* does not analyze or decide whether a motion is a pleading; instead, it deals with exhibits that had been incorporated by reference within a complaint. *See id.* Complaints are most certainly pleadings. *See* Fed. R. Civ. P. 7(a)(1). For that reason alone, Plaintiff's Motion to Strike is denied.

Even if a motion to strike were the correct mechanism through which to strike an exhibit to a motion to dismiss, the Court would not strike the Notice here. A "court may strike . . . any

---

[2] Plaintiff also asserts that two other defendants in this case raised the fugitive disentitlement doctrine in a separate but related matter that was, at the time, pending before District Judge Roy Altman but has since been transferred to Judge Moore and consolidated with this case. *See* ECF No. [53] at 4. According to Plaintiff, Judge Altman "summarily denied" the doctrine "as a basis for dismissal," which he implies means that Defendants should know that the arrest warrant is irrelevant to any claim or defense in this case. *See* ECF No. [53] at 4. After reviewing the pleadings in the related (and now consolidated) matter, the Court notes that the fugitive disentitlement doctrine is not mentioned in any of them. *See generally* Case No. 24-cv-21141-KMM (S.D. Fla.). This means, of course, that Judge Altman could not have commented on the doctrine at all, let alone "summarily denied" it as a basis for dismissal.

8

redundant, immaterial, impertinent, or scandalous matter," *see* Fed. R. Civ. P. 12(f), but the Notice is none of those things. The Notice is not redundant because it does not "essentially repeat[]" information or arguments that have already appeared in another filing by Defendants. *See Pro Transp., Inc.*, 2018 WL 11352652, at *11; *Owens*, 177 F.R.D. at 678; 2 Moore's Federal Practice § 12.37. In fact, the Notice does nothing but add an exhibit to the Motion to Dismiss. It does not contain any arguments or information; it simply attaches the arrest warrant itself. *See generally* ECF No. [50]; ECF No. [50-1]. And while the Motion to Dismiss references the arrest warrant because it is based on his fugitive status, it does not include the arrest warrant as an attachment. *See generally* ECF No. [17].

The Notice is also not immaterial, impertinent, or scandalous. All three of those descriptors share a common element: that the matter is irrelevant to the action or issues. *See Blake*, 318 F.R.D. at 700 nn.2–4 (defining immaterial as having "no value in developing the issues of the case," impertinent as "irrelevant to the issues," and scandalous as "both grossly disgraceful (or defamatory) and irrelevant to the action or defense"). As explained above, the Notice attaches the arrest warrant issued due to Plaintiff's alleged probation violation. *See* ECF No. [50]; ECF No. [50-1]. The arrest warrant issued in April 2023, *see* ECF No. [50-1], but Plaintiff has yet to turn himself in to address the charged probation violation. Put another way, Plaintiff has "continued to evade arrest." *See Barnette*, 129 F.3d at 1183. That's the definition of a fugitive. *See id.* (noting that a party "in an entirely civil matter" can be a "fugitive[] for purposes of the doctrine" if he continues to evade arrest); *Ener*, 379 F. Supp. 3d at 1381 (noting that the doctrine applies to "a civil litigant who continued to ignore court orders and evade arrest" (quotation marks omitted)).

9

The Motion to Dismiss, as already noted, is based on the fugitive disentitlement doctrine, *see* ECF No. [17], which means a document tending to show that Plaintiff is, in fact, a fugitive is certainly relevant to the action or issues because it has "value in developing the issues of the case." *See Blake*, 318 F.R.D. at 700 n.2. Specifically, it provides the foundation for establishing an element of Defendants' primary defense. *See Ener*, 379 F. Supp. 3d at 1381 (noting that, for the doctrine to apply, the party must be a fugitive); *Barnette*, 129 F.3d at 1183.

Plaintiff attempts to attack the relevance of the Notice by arguing both that his state court conviction—and thus the arrest warrant based on the alleged violation of his probation sentence from that conviction—has no connection to the claims in the Amended Complaint and that the arrest warrant was issued in error. *See* ECF No. [51]; ECF No. [53]. But those arguments aim at the merits of the fugitive disentitlement doctrine and the Motion to Dismiss. They do nothing to undermine the relevance of the arrest warrant to determining whether the fugitive disentitlement doctrine applies in the first instance. If Plaintiff's state court conviction has no nexus to the Amended Complaint, or if the arrest warrant was issued in error,[3] then the Motion to Dismiss may not succeed. *See Ener*, 379 F. Supp. 3d at 1381–82; *Barnette*, 129 F.3d at 1183. But whether the Motion to Dismiss succeeds or fails has no impact on whether the Notice and attached arrest warrant are relevant to Defendants' fugitive disentitlement doctrine defense.

---

[3] The Court does not, at this stage, weigh the merits of Defendants' Motion to Dismiss or their fugitive disentitlement doctrine defense. But the Court notes that, in Plaintiff's Motion to Strike, Plaintiff appears to have misrepresented the state court's decision on his request to travel. Contrary to Plaintiff's representation, *see* ECF No. [51] at 3, that court did not grant him permission to travel out of the country. Instead, it appears that Defendants are correct in that the state court denied Plaintiff's belated motion for permission to travel. *See* ECF No. [52] at 3; Miami-Dade Cnty. Ct., Case No. 2019-009489-CA-01, DE 283; Miami-Dade Cnty. Ct., Case No. 13-2019-CF-008963-0001, DE 163–66. This may explain why Plaintiff changed his representation in his reply to Defendants' response to the Motion to Strike and asserted instead that he left the country "with the consent of" his then-lawyer, "who advised there would be no issue with" him "traveling for business." *See* ECF No. [53] at 4. Even accepting Plaintiff's new representation as true, having a lawyer's permission to travel is in no way a substitute for having a court's permission to travel and in no way excuses a probation violation.

CASE NO. 24-CV-20888-MOORE/Elfenbein

It is well-settled that courts in this circuit "consider striking a pleading to be a drastic remedy," "generally view motions to strike with disfavor," and will usually deny them "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *See Gill-Samuel*, 298 F.R.D. at 699 (quotation marks omitted); *Blake*, 318 F.R.D. at 700–01; *Williams*, 289 F.R.D. at 700. "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Blake*, 318 F.R.D. at 700. Here, there is no doubt that the Notice and attached arrest warrant are related to Defendants' fugitive disentitlement doctrine defense. As a result, Plaintiff's Motion to Strike is denied.

## IV. CONCLUSION

For the reasons explained above, the Motion to Strike, ECF No. [51], is **DENIED.**

**DONE and ORDERED** in Chambers in Miami, Florida on July 11, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

Raziel Ofer, *PRO SE*
3701 Degarmo Ln
Miami, FL 33133
646-431-7934
Raz.Ofer2@gmail.com