UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20888-MOORE/Elfenbein

**RAZIEL OFER**,

    Plaintiff,

v.

**STEPHEN T. MILLAN**, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court following the Honorable K. Michael Moore's referral of this action to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." *See* ECF No. [25]. *Pro se* Plaintiff Raziel Ofer initiated this action on March 6, 2024, *see* ECF No. [1], and the next day filed an amended complaint ("First Amended Complaint"), *see* ECF No. [4], as he was permitted to do under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 15(a)(1)(A). The First Amended Complaint asserted claims against eleven defendants: (1) Opustone; (2) Eric Shiegiel; (3) Steven E. Gurian; (4) Santiago Eljaiek, III; (5) Marin, Eljaiek, Lopez, Martinez PL; (6) Roniel Rodriguez, IV; (7) Roniel Rodriguez IV PA; (8) AJAR Holdings LLC; (9) Stuart R. Kalb; (10) Stephen T. Millan; and (11) Millan Law Firm PA. *See* ECF No. [4].

In response to the First Amended Complaint, various groups of defendants filed four separate motions to dismiss it. *See* ECF No. [12]; ECF No. [15]; ECF No. [17]; and ECF No. [39]. A group of four Defendants: Steven E. Gurian; Marin, Eljaiek, Lopez & Martinez, P.L.; Eric

Schigiel; and Opustone filed the first Motion on March 21, 2024 (the "First Motion"). *See generally* ECF No. [12]. Defendant Stuart R. Kalb filed the second Motion on March 26, 2024 (the "Second Motion"). *See generally* ECF No. [15]. Defendants Stephen T. Millan and Millan Law Firm, PA filed the third Motion on March 28, 2024 (the "Third Motion"). *See generally* ECF No. [17]. Also on March 28, 2024, Defendants Millan and Millan Law Firm, PA filed two Notices of Joinder indicating their joinder in and adoption of the two Motions to Dismiss filed by the other Defendants, as authorized by Federal Rule of Civil Procedure 18 (the "Notices"). *See generally* ECF No. [20] (adopting the First Motion, ECF No. [12]); ECF No. [18] (adopting the Second Motion, ECF No. [15]). Finally, Defendant Santiago Eljaiek filed the fourth Motion on April 17, 2024 (the "Fourth Motion"). *See generally* ECF No. [39].

On May 31, 2024, Judge Moore entered an order consolidating another action filed by Plaintiff—Case No. 24-cv-21141-KMM—with this action (the "Consolidation Order"). *See* ECF No. [49]. In Case No. 24-cv-21141-KMM, Plaintiff had filed a complaint against only four defendants, all of whom are also Defendants in this action. *Compare* Case No. 24-cv-21141-KMM, ECF No. [1] (suing four Defendants), *with* Case No. 24-cv-20888-KMM, ECF No. [4] (suing eleven defendants, including the four Defendants sued in Case No. 24-cv-21141-KMM). In the Consolidation Order, Judge Moore designated this action as the "lead case" and directed Plaintiff to "file an amended complaint" in the now-consolidated action. *See* ECF No. [49].

Plaintiff thereafter filed the Second Amended Complaint on June 14, 2024. *See* ECF No. [54]. But in the Second Amended Complaint, Plaintiff asserts claims against only four Defendants: (1) Roniel Rodriguez IV; (2) Roniel Rodriguez IV PA; (3) AJAR Holdings LLC; and (4) Stuart R. Kalb. *See* ECF No. [54]. Those are the same four Defendants Plaintiff had sued in Case No. 24-

cv-21141-KMM. *See* ECF No. [54]. Those Defendants then filed a motion to dismiss the Second Amended Complaint (the "Fifth Motion"). *See* ECF No. [57].

When Plaintiff filed the Second Amended Complaint, ECF No. [54], it superseded the First Amended Complaint, ECF No. [4]. *See, e.g.*, *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quotation marks omitted)); *Fritz v. Std. Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). As a result, the four motions to dismiss the First Amended Complaint, ECF No. [12]; ECF No. [15]; ECF No. [17]; and ECF No. [39], are now moot. *See, e.g.*, *Rios v. Bakalar & Assocs., P.A.*, 795 F. Supp. 2d 1368, 1370 (S.D. Fla. 2011) (denying motion to dismiss initial complaint as moot when plaintiff filed an amended complaint); *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013), *order clarified*, 15 F. Supp. 3d 1329 (N.D. Ga. 2013) ("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint."); *Pro Transp., Inc. v. Great Am. Ins. Co.*, No. 17-CV-20724-KMM, 2017 WL 5668110, at *2 (S.D. Fla. Oct. 13, 2017) (same). Accordingly, I respectfully **RECOMMEND** that the First Motion, ECF No. [12]; the Second Motion, ECF No. [15]; the Third Motion, ECF No. [17]; and the Fourth Motion, ECF No. [39], be **DENIED as MOOT**.

As explained above, the Second Amended Complaint is now the operative one. And the Second Amended Complaint asserts claims against only four of the original eleven Defendants. *Compare* ECF No. [57], *with* ECF No. [4]. In the Consolidation Order, Judge Moore directed Plaintiff to file an amended complaint in this action, which he deemed the lead case. *See* ECF No.

[49]. But it appears Plaintiff may have filed an amended complaint in Case No. 24-cv-21141-KMM instead of filing an amended complaint directed at—and including all claims against—all Defendants in the now-consolidated action. *See* ECF No. [54].

"A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b)" if "the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). Although the Second Amended Complaint is not Plaintiff's original complaint, because it is Plaintiff's first complaint in the newly consolidated action, practically it functions as one. And the Fifth Motion is "a motion under Rule 12(b)." *See* Fed. R. Civ. P. 15(a)(1)(B); Fed. R. Civ. P. 12(b)(6); ECF No. [57]. The Fifth Motion was filed on June 21, 2024, so under Rule 15, Plaintiff has 21 days—until July 12, 2024—to make as-of-right changes to the Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(1)(B); ECF No. [54]; ECF No. [57].

If Plaintiff does not make changes to the Second Amended Complaint by July 12, there is another mechanism thorough which he may ask for permission to amend. Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). That rule also notes that the "court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Relatedly, courts hold pleadings filed by *pro se* parties to "a less stringent standard" than those drafted by attorneys. *See, e.g.*, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Because it appears Plaintiff misunderstood Judge Moore's instructions in the Consolidation Order, and because he is a *pro se* party who is held to a less stringent pleading standard, I respectfully **RECOMMEND** that, under Rule 15(a)(2), Plaintiff be given leave to have one final opportunity

to amend his complaint to include *all defendants and claims* he intends to be part of this consolidated action.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 11, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel of Record
      Raziel Ofer, *PRO SE*
      3701 Degarmo Ln
      Miami, FL 33133
      646-431-7934
      Raz.Ofer2@gmail.com