## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20888-MOORE/Elfenbein

**RAZIEL OFER**,

      Plaintiff,

v.

**STEPHEN T. MILLAN**, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      **THIS CAUSE** is before the Court on Defendants Stuart R. Kalb, Roniel Rodriguez IV, AJAR Holdings, LLC., and Roniel Rodriguez IV, PA's, Motion to Dismiss Amended Complaint (the "Fifth Motion"), ECF No. [57].[1]  For the reasons explained below, I **RECOMMEND** that the Fifth Motion, **ECF No. [57]**, be **DENIED as MOOT**.

### I.      BACKGROUND

      *Pro se* Plaintiff Raziel Ofer initiated this action on March 6, 2024, *see* ECF No. [1], and the next day filed an amended complaint ("First Amended Complaint"), *see* ECF No. [4], as he was permitted to do under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 15(a)(1)(A). The First Amended Complaint asserted claims against eleven defendants: (1) Opustone; (2) Eric Shiegiel; (3) Steven E. Gurian; (4) Santiago Eljaiek, III; (5) Marin, Eljaiek, Lopez, Martinez PL; (6) Roniel Rodriguez, IV; (7) Roniel Rodriguez IV PA; (8) AJAR Holdings LLC; (9) Stuart R. Kalb; (10) Stephen T. Millan; and (11) Millan Law Firm PA.  *See* ECF No. [4].

---

[1] The Honorable K. Michael Moore referred this action to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters."  *See* ECF No. [25].

In response to the First Amended Complaint, various groups of defendants filed four separate motions to dismiss.  *See* ECF No. [12]; ECF No. [15]; ECF No. [17]; and ECF No. [39]. A group of four Defendants: Steven E. Gurian; Marin, Eljaiek, Lopez & Martinez, P.L.; Eric Schigiel; and Opustone filed their Motion to Dismiss on March 21, 2024 (the "First Motion").  *See generally* ECF No. [12].  Defendant Stuart R. Kalb filed his Motion to Dismiss on March 26, 2024 (the "Second Motion").  *See generally* ECF No. [15].  Defendants Stephen T. Millan and Millan Law Firm, PA filed their Motion to Dismiss on March 28, 2024 (the "Third Motion").  *See generally* ECF No. [17].  Also on March 28, 2024, Defendants Millan and Millan Law Firm, PA, filed two Notices of Joinder indicating their joinder in and adoption of the First and Second Motions to Dismiss filed by the other Defendants, as authorized by Federal Rule of Civil Procedure 18 (the "Notices").  *See generally* ECF No. [20] (adopting the First Motion, ECF No. [12]); ECF No. [18] (adopting the Second Motion, ECF No. [15]).  Finally, Defendant Santiago Eljaiek filed his own Motion to Dismiss on April 17, 2024 (the "Fourth Motion").  *See generally* ECF No. [39].

On May 31, 2024, Judge Moore entered an order consolidating another action that Plaintiff filed — Case No. 24-cv-21141-KMM—with this action (the "Consolidation Order").  *See* ECF No. [49].  In Case No. 24-cv-21141-KMM, Plaintiff filed a complaint against only four defendants, all of whom are also Defendants in this action.  *Compare* Case No. 24-cv-21141-KMM, ECF No. [1] (suing four Defendants), *with* Case No. 24-cv-20888-KMM, ECF No. [4] (suing eleven defendants, including the four Defendants sued in Case No. 24-cv-21141-KMM).  In the Consolidation Order, Judge Moore designated this action as the "lead case" and directed Plaintiff to "file an amended complaint" in the now-consolidated action.  *See* ECF No. [49].

Thereafter, on June 14, 2024, Plaintiff filed his Second Amended Complaint.  *See* ECF No. [54].  In the Second Amended Complaint, Plaintiff asserted claims against only four Defendants:

(1) Roniel Rodriguez IV; (2) Roniel Rodriguez IV PA; (3) AJAR Holdings LLC; and (4) Stuart R. Kalb (collectively, the "Rodriguez Defendants"). *See* ECF No. [54]. The Rodriguez Defendants are the same four Defendants Plaintiff also sued in Case No. 24-cv-21141-KMM. *See* ECF No. [54]. The Rodriguez Defendants then filed the Fifth Motion, which seeks to dismiss the Second Amended Complaint. *See* ECF No. [57].

Because the Second Amended Complaint superseded the First Amended Complaint, the four motions to dismiss the First Amended Complaint were rendered moot. *See* ECF No. [68]. As a result, the undersigned recommended to Judge Moore that those four motions, ECF No. [12]; ECF No. [15]; ECF No. [17]; and ECF No. [39], be denied as moot. *See* ECF No. [68]. And because it appeared that Plaintiff directed the Second Amended Complaint at Case No. 24-cv-21141-KMM instead of at this consolidated action, which suggested that Plaintiff, a *pro se* party, misunderstood Judge Moore's instructions in the Consolidation Order, the undersigned also recommended that Plaintiff be given leave, under Rule 15(a)(2), to amend his complaint one last time to include all defendants and claims he intends to be part of the consolidated action. *See* ECF No. [68].

By Paperless Order on August 1, 2024, Judge Moore adopted this Court's recommendations. *See* ECF No. [74]. In that Paperless Order, Plaintiff was "given leave to have one final opportunity" to "amend his Complaint to include *all defendants and claims* he intends to be part of this consolidated action no later than August 15, 2024." *See* ECF No. [74] (emphasis in original). Plaintiff filed his final amended complaint on August 14, 2024, s*ee* ECF No. [75], which he then corrected on August 15, 2024 ("Third Amended Complaint"), s*ee* ECF No. [76].

## II.    ANALYSIS

"An amended pleading supersedes the former pleading; the original pleading is abandoned

by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation marks omitted); *see also Fritz v. Std. Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). "An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint." *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga.), *order clarified*, 15 F. Supp. 3d 1329 (N.D. Ga. 2013); *see also Rios v. Bakalar & Assocs., P.A.*, 795 F. Supp. 2d 1368, 1370 (S.D. Fla. 2011) (denying motion to dismiss initial complaint as moot when plaintiff filed an amended complaint); *Pro Transp., Inc. v. Great Am. Ins. Co.*, No. 17-CV-20724-KMM, 2017 WL 5668110, at *2 (S.D. Fla. Oct. 13, 2017) (same).

When Plaintiff filed the Third Amended Complaint, ECF No. [76], it superseded the Second Amended Complaint, ECF No. [54]. *See, e.g.*, *Dresdner Bank AG*, 463 F.3d at 1215; *Fritz*, 676 F.2d at 1358. As a result, the Fifth Motion, ECF No. [57], which seeks to dismiss the Second Amended Complaint, was rendered moot. *See, e.g.*, *S. Pilot Ins. Co.*, 15 F. Supp. 3d at 1287 n.1; *Rios*, 795 F. Supp. 2d at 1370; *Pro Transp., Inc.*, 2017 WL 5668110, at *2. Accordingly, I respectfully **RECOMMEND** that the Fifth Motion, **ECF No. [57]**, be **DENIED as MOOT**.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,

CASE NO. 24-CV-20888-MOORE/Elfenbein

794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on August 16, 2024.

_____

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

        Raziel Ofer, *PRO SE*
        3701 Degarmo Ln
        Miami, FL 33133
        646-431-7934
        Raz.Ofer2@gmail.com