## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20888-MOORE/Elfenbein

**RAZIEL OFER**,

      Plaintiff,

v.

**STEPHEN T. MILLAN**, *et al.*,

      Defendants.

_____/

## <u>OMNIBUS ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO STAY DISCOVERY</u>

**THIS CAUSE** is before the Court on three motions: (1) Plaintiff Raziel Ofer's Motion for Leave to Amend Second Amended Complaint ("Motion for Leave to Amend"), *see* ECF No. [80]; (2) Defendants Steven E. Gurian, Marin, Eljaiek, Lopez & Martinez, P.L., Eric Schigiel, and Opustone's Motion to Stay Discovery Pending Adjudication of Plaintiff's Motion for Leave to Amend the Second Amended Complaint and Defendants' Motion to Dismiss Third Amended Complaint ("Motion to Stay"), *see* ECF No. [81]; and Defendants Stuart R. Kalb, Stephen T. Millian, Millian Law Firm P.A., Roniel Rodriguez IV, Roniel Rodriguez IV P.A., and AJAR Holdings LLC's Notice of Joinder in the Motion to Stay ("Notice of Joinder"), *see* ECF No. [82], which the Court construes as that group of Defendants' motion to stay discovery.  For the reasons explained below, all three motions are **DENIED**.[1]

---

[1] The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." *See* ECF No. [25].  Although it does not appear that the Eleventh Circuit Court of Appeals has addressed the issue in a published opinion, the weight of authority in this circuit as well as other circuits indicates that a magistrate judge may "hear and determine" motions for leave to amend pleadings under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) as these are non-dispositive matters.  *See Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 548 (11th Cir.

## I.        Motion for Leave to Amend, ECF No. [80]

*Pro se* Plaintiff Raziel Ofer initiated this action on March 6, 2024, *see* ECF No. [1], and the next day filed an amended complaint ("First Amended Complaint"), *see* ECF No. [4], as he was permitted to do under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(1)(A). The First Amended Complaint asserted claims against eleven defendants: (1) Opustone; (2) Eric Shiegiel; (3) Steven E. Gurian; (4) Santiago Eljaiek, III; (5) Marin, Eljaiek, Lopez, Martinez PL; (6) Roniel Rodriguez, IV; (7) Roniel Rodriguez IV PA; (8) AJAR Holdings LLC; (9) Stuart R. Kalb; (10) Stephen T. Millan; and (11) Millan Law Firm PA.  *See* ECF No. [4].

On May 31, 2024, Judge Moore entered an order consolidating another action that Plaintiff filed — Case No. 24-cv-21141-KMM — with this action (the "Consolidation Order").  *See* ECF No. [49].  In Case No. 24-cv-21141-KMM, Plaintiff filed a complaint against only four defendants, all of whom are also Defendants in this action. *Compare* Case No. 24-cv-21141-KMM, ECF No. [1] (suing four Defendants), *with* Case No. 24-cv-20888-KMM, ECF No. [4] (suing eleven defendants, including the four Defendants sued in Case No. 24-cv-21141-KMM).  In the Consolidation Order, Judge Moore designated this action as the "lead case" and directed Plaintiff to "file an amended complaint" in the now-consolidated action.  *See* ECF No. [49].

---

2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); *Palmore v. Hicks*, 383 F. App'x 897, 899-900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."); *Bosarge v. Mobile Area Water & Sewer Serv.*, No. 18-00240-TM-N, 2018 WL 11319086, at *2 (S.D. Ala. Sept. 19, 2018) (collecting cases nationwide in which courts have determined that motions to amend pleadings are non-dispositive).  The same is true for motions to stay discovery pending the outcome of a dispositive motion. *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841 (11th Cir. 2020) (finding that the district court acted within its discretion to refer a motion to stay discovery to the magistrate judge for a ruling in accordance with § 636(b)(1)(A)); *Moore v. Chuck Stevens Automotive, Inc.*, No. 12-00663-KD-C, 2013 WL 627232, at *1 (S.D. Ala. Feb. 20, 2013) (concluding that a decision to grant a motion to stay is "merely suspensory" and is non-dispositive).  Because the Motion for Leave to Amend, the Motion to Stay, and the Notice of Joinder all involve non-dispositive issues, I resolve all three motions with an Order instead of a Report and Recommendation.

Plaintiff filed that amended complaint on June 14, 2024 ("Second Amended Complaint"). *See* ECF No. [54].  In the Second Amended Complaint, Plaintiff asserted claims against only four Defendants: (1) Roniel Rodriguez IV; (2) Roniel Rodriguez IV PA; (3) AJAR Holdings LLC; and (4) Stuart R. Kalb. *See* ECF No. [54].  Those are the same four Defendants Plaintiff sued in Case No. 24-cv-21141-KMM.  *See* ECF No. [78].

Because it appeared that Plaintiff directed the Second Amended Complaint at Case No. 24-cv-21141-KMM instead of at this consolidated action, which suggested that Plaintiff, a *pro se* party, misunderstood Judge Moore's instructions in the Consolidation Order, the undersigned recommended that Plaintiff be given leave, under Rule 15(a)(2), to amend his complaint *one last time* to include all defendants and claims he intended to be part of the consolidated action.  *See* ECF No. [68].  By Paperless Order on August 1, 2024, Judge Moore adopted this Court's recommendation (the "Paperless Order") and gave Plaintiff "leave to have one final opportunity" to "amend his Complaint to include *all defendants and claims* he intends to be part of this consolidated action no later than August 15, 2024."  *See* ECF No. [74] (italics in original, underline added).

Plaintiff filed that amended complaint on August 14, 2024 ("August 14 Complaint").  *See* ECF No. [75].  But despite Judge Moore's clear direction in the Paperless Order that whatever complaint Plaintiff filed next would be his final pleading in this action, Plaintiff filed another complaint the next day, August 15 ("August 15 Complaint").  *See* ECF No. [76].  Plaintiff did not ask the Court for leave to file the August 15 Complaint or explain why he filed it, but the addition of "(corrected)" to the title of the document suggested that Plaintiff filed the August 15 Complaint to correct something in the August 14 Complaint.  *Compare* ECF No. [75], *with* ECF No. [76].

Reading the Paperless Order strictly, Plaintiff was not free to file the August 15 Complaint,

as it amounted to yet another amended pleading.  *See* ECF No. [74].  But because courts hold pleadings filed by *pro se* parties like Plaintiff to "a less stringent standard" than those drafted by attorneys, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the undersigned gave Plaintiff leeway and accepted the August 15 Complaint as Plaintiff's final amended complaint.  A few hours later, however, Plaintiff filed yet another complaint (the "August 16 Complaint").[2]  *See* ECF No. [77].  Once again, Plaintiff did not ask the Court for leave to file the August 16 Complaint or explain why he filed it, but the title of the document — which changes "second" to "third" and adds "(corrected)" — suggested that Plaintiff filed the August 16 Complaint to correct something in the August 15 Complaint.  *Compare* ECF No. [76], *with* ECF No. [77].  And once again, reading the Paperless Order, Plaintiff was not free to file the August 16 Complaint.  *See* ECF No. [74].

Having already given Plaintiff leeway to substitute the August 15 Complaint for the August 14 Complaint, the Court struck the August 16 Complaint.  *See* ECF No. [79].  As explained in the Order striking that complaint, ECF No. [79]: "Although Federal Rule of Civil Procedure 15 allows Plaintiff to amend his complaint 'once as a matter of course,' *see* Fed. R. Civ. P. 15(a)(1), it does not allow him to amend it any more than that without leave of court, *see* Fed. R. Civ. P. 15(a)(2).  Plaintiff has not sought or been granted leave of court for any additional amendments."  *See* ECF No. [79].  No doubt prompted by the Court's reference to Rule 15(a)(2), Plaintiff then filed the Motion for Leave to Amend.  *See* ECF No. [80].

In the Motion for Leave to Amend, Plaintiff asks for permission to substitute the August 16 Complaint for the August 15 Complaint.  *See* ECF No. [80].  Plaintiff explains that he

---

[2] Plaintiff filed the August 16 Complaint late in the day on August 15, but the Clerk's Office did not docket it until August 16.  *See* ECF No. [77].  The Court refers to it as the "August 16 Complaint" to avoid confusion.

"intended" the August 16 Complaint "to be the operative" one but that the August 15 Complaint "was delivered to the Court in error." *See* ECF No. [80] at 2.  The reason for the "error" is that, "due to . . . oversight," Plaintiff gave the August 15 Complaint to a courier and the courier delivered it to the Court before Plaintiff gave the courier the August 16 Complaint.  *See* ECF No. [80] at 2. Plaintiff asserts the Court should grant him leave to amend because it is "in the interests of justice" for him "to better plead the causes of action and to clarify facts with more specificity" so that Defendants "may be placed on proper notice as to what to defend against."  *See* ECF No. [80] at 1–2.  The Court disagrees.

Having compared the August 16 Complaint to the August 15 Complaint, the Court notes two obvious differences: (1) the addition of an introductory paragraph giving Plaintiff's theory of the case, *see* ECF No. [77] at 2; and (2) the addition of a civil conspiracy claim against all eleven Defendants, *see* ECF No. [77] at 42–44.  Neither of those additions better pleads or clarifies the facts of the six causes of action in the August 15 Complaint.  Instead, they insert, respectively, inappropriate legal argument and a new, unpled claim.

While Plaintiff may desire to add those components, particularly the unasserted claim, it is not in the interest of justice.  That is particularly true given how many previous opportunities Plaintiff has had to assert the claims he wanted in whatever detail he wanted, *see* ECF No. [1]; ECF No. [4]; ECF No. [54]; ECF No. [75], and Judge Moore's clear direction that Plaintiff would have only *one final* opportunity to amend, *see* ECF No. [74].  Allowing Plaintiff to substitute the August 16 Complaint for the August 15 Complaint would give him *three* final opportunities, in direct contravention of Judge Moore's Paperless Order.  And, it bears noting that Plaintiff's continuous evolution of his claims in this case has created a moving target for Defendants who have been litigating and defending this case for five months without any clarity as to the allegations

and claims against them.  Accordingly, the Motion for Leave to Amend, **ECF No. [80]**, is **DENIED**.

## II.     Motion to Stay, ECF No. [81], and Notice of Joinder, ECF No. [82]

When Plaintiff filed the Motion for Leave to Amend, ten of the eleven Defendants asked the Court to stay discovery.  *See* ECF No. [81] (Motion to Stay filed by four Defendants); ECF No. [82] (Notice of Joinder filed by six Defendants, adopting the Motion to Stay).  They argued it would be in "the interest of judicial economy" to stay discovery until the Court ruled both on Plaintiff's Motion for Leave to Amend and on apparently forthcoming motions to dismiss that Defendants intend to file once the operative complaint has been identified.  *See* ECF No. [81] at 2–3; ECF No. [82] at 1–2.  A stay would serve judicial economy, according to Defendants, because a ruling on either the Motion for Leave to Amend or any forthcoming motions to dismiss could "narrow the issues" and focus "future discovery."  *See* ECF No. [81] at 2–3.

Because the Court has denied Plaintiff's Motion for Leave to Amend, it is now clear that the August 15 Complaint is the operative one, so a stay of discovery on that basis would not be in the interest of judicial economy.  And although Defendants assert that the forthcoming motions to dismiss will be largely the same as their previously filed motions to dismiss, *see* ECF No. [81] at 2–3; ECF No. [82] at 1–2, there are currently no motions to dismiss pending.  Without any pending motions to dismiss, the Court has no way to conduct a "preliminary peek" and evaluate the likelihood of success on the motions to dismiss to determine whether a stay of discovery would be appropriate.  *See Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (explaining that a court may stay discovery pending the resolution of a motion if such resolution will dispose of the entire case, and in order to determine whether there is a strong likelihood that the motion will be granted, thereby eliminating the need for discovery, the trial

CASE NO. 24-CV-20888-MOORE/Elfenbein

court "must take a preliminary peek at the merits of the motion."). Accordingly, the Motion to Stay, **ECF No. [81]**, and the Notice of Joinder, **ECF No. [82]**, which the Court construes as a motion to stay, are **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers in Miami, Florida on August 27, 2024.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

Raziel Ofer, *PRO SE*
3701 Degarmo Ln
Miami, FL 33133
646-431-7934
Raz.Ofer2@gmail.com