IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

RAZIEL OFER,

    Plaintiff,

vs.

STEPHEN T. MILLAN, individually, MILLAN LAW FIRM, P.A., a Florida for Profit Corporation, RONIEL RODRIGUEZ, IV, individually, RONIEL RODRIGUEZ, IV, P.A., a Florida for Profit Corporation, AJAR HOLDINGS, LLC a foreign limited liability company, STEVEN E. GURIAN, individually, SANTIAGO ELJAIEK, III, individually, MARIN, ELJAIEK, LOPEZ, MARTINEZ, P.L., a Florida Limited Liability Company, STUART R. KALB, individually, ERIC SCHIGIEL, individually, and OPUSTONE, a Florida for Profit Corporation,

    Defendants.

_____/

Case No.: 24-CV-20888-KMM

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (CORRECTED) WITH PREJUDICE

Defendants, STEVEN E. GURIAN, MARIN, ELJAIEK, LOPEZ & MARTINEZ, P.L., ERIC SCHIGIEL, and OPUSTONE (hereinafter the "Defendants") by and through undersigned counsel, file this Reply to Plaintiff's Response to the Motion to Dismiss with Prejudice filed by the Defendants, and as grounds therefor state:

### PRELIMINARY STATEMENT

1.     This matter finds its origin in a dispute resolved by the Court in *Opustone LLC v. Raziel Ofer, et al.*, Miami-Dade Circuit Court Case No.: 2019-009489-CA-01 (hereinafter the "Underlying Case"), which resulted in the entry of a final summary judgment against RAZIEL

1

OFER and his related entities.

2. STEVEN E. GURIAN, ESQ., was the associate lawyer working on the case from the law firm MARIN, ELJAIEK, LOPEZ, & MARTINEZ, P.L. that represented OPUSTONE in the Underlying Case. ERIC SCHIGIEL was listed as the President of OPUSTONE in 2019, which is presumably the reason he has been listed as a Defendant in this action as he was not involved in the Underlying Case.

3. Littered throughout the Second Amended Complaint (Corrected) are references to the Underlying Case as well as documents filed in the Underlying Case including the complaint and the final summary judgment (conveniently omitted from this iteration of the complaint but filed in prior versions).

4. Based on the allegations of the Second Amended Complaint (Corrected), at least some of the impetus of this action comes from an alleged failure to properly serve a demand letter under Flat. Stat. §§ 772.11, 832.05, and 68.065, that supported the claims asserted against Plaintiff in the Underlying Case.

5. This alleged failure, according to the Second Amended Complaint (Corrected), was apparently the product of a conspiracy among all of the Defendants in order to deprive the Plaintiff, RAZIEL OFER (hereinafter the "Plaintiff"), of real estate owned by an entity ostensibly controlled by the Plaintiff.

6. However, the four corners of the Second Amended Complaint (Corrected) would suggest that causes of action with respect to STEVEN E. GURIAN, MARIN, ELJAIEK, LOPEZ, MARTINEZ, P.L., ERIC SCHIGIEL, and OPUSTONE (collectively the "Defendants"), are not properly pled with requisite specificity. Plaintiff has no standing in the instant action to file suit against the Defendants.

## **LEGAL ARGUMENT AND MEMORANDUM OF LAW**

### A. Conversion and Theft

7. Under Florida law, the tort of conversion requires the possession of property of another person with the present intent to deprive the person entitled to possession of property for a permanent or indefinite period of time. *See Small Bus. Admin. v. Echevarria*, 864 F. Supp. 1254, 1261 (S.D. Fla. 1994).

8. Plaintiff claims that the lawsuit filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Opustone, LLC v. Raziel Ofer, et. al.,* and bearing Case No.: 2019-9489 CA 22, which stemmed from the demand letter was somehow a clever charade intended to steal real estate out from under the Plaintiff – real estate he never owned.

9. In Plaintiff's Response to the Motion to Dismiss, Plaintiff claims that because the Defendants were involved in some sort of conspiracy to deprive Plaintiff of real property that was ostensibly owned by an entity that is not the Plaintiff, that his claim for conversion should stand even if the Defendants did not directly obtain possession of the real property that is the subject of this dispute.

10. Plaintiff is wrong for two reasons: (1) conspiracy is not an element for a cause of action of conversion; moreover, this Court previously struck Plaintiff's version of the Complaint which included a count for civil conspiracy. The mere mention of a conspiracy at this stage flies directly in the face of this Court's August 19, 2024 order; (2) Plaintiff again fails to satisfy the elements necessary to state a cause of action for conversion.

11. Plaintiff admits in his Second Amended Complaint (Corrected) that the owner of the real estate he claims was the subject of theft and conversion was actually owned by DRO 15R, LLC,

3

and 1560/1568 Drexel Ave, LLC, and not the Plaintiff himself, which begs the question of Plaintiff's standing in this matter. *See* Paragraphs 29, 69, 70, 71, 72, 99, 100, Pages 24-25, and 143 of the Second Amended Complaint (Corrected).

12. Additionally, the Second Amended Complaint (Corrected) states, by the Plaintiff's own admission, that the tortfeasor and current owner of the real estate is AJAR HOLDINGS, LLC, **not** the Defendants.

13. The four corners of the Second Amended Complaint (Corrected) do not allege that either STEVEN E. GURIAN, MARIN, ELJAIEK, LOPEZ, MARTINEZ, P.L., ERIC SCHIGIEL, or OPUSTONE are the current owners of the real property that is the subject of the alleged theft and/or conversion.

14. Therefore, based on the Plaintiff's own allegations as currently pled, neither STEVEN E. GURIAN, MARIN, ELJAIEK, LOPEZ, MARTINEZ, P.L., ERIC SCHIGIEL, nor OPUSTONE, are appropriate parties for the causes of action pled in the Second Amended Complaint (Corrected).

15. Plaintiff cites correct law with respect to pleading a cause of action for conversion and/or theft; however, Plaintiff appears to take the position (as nebulous as it may be) that at worst, the Defendants were somehow indirectly responsible for the deprivation of the real estate that is the subject of the Complaint.

16. The Second Amended Complaint (Corrected) even when read in the light most favorable to the Plaintiff simply does not apply the elements of a cause of action for conversion in the correct manner. The Defendants: (1) **never** exercised dominion or control over the real estate at issue, and Plaintiff admits in its pleading that he does not currently own the real estate (ownership being a necessary element of conversion); and (2) Plaintiff admits that the real property was the subject of execution and levy by AJAR HOLDINGS, LLC, not the Defendants.

4

17. Finally, Plaintiff's references to claims for conspiracy and aiding and abetting in order to commit the tort of conversion is simply misplaced and disingenuous. A cause of action for conversion or theft is mutually exclusive of a claim for conspiracy (stricken by this court) and aiding and abetting (a claim never before mentioned until Plaintiff filed his Response).

### B. Unjust Enrichment

18. In order to state a cause of action for unjust enrichment, under Florida law, "a plaintiff must prove that: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999).

19. In the instant case, the Plaintiff did not convey title to the real estate, let alone confer any benefit on the Defendants.

20. As stated *supra*, none of the Defendants are in possession of the real estate, nor have they ever had any sort of past or present possessory interest in the real estate.

21. Plaintiff again interjects a claim of conspiracy to somehow justify a pleading deficiency in his claim for unjust enrichment.

22. Even if there was in fact some elaborate conspiracy to deprive Plaintiff of the real estate, conspiracy is not an element of unjust enrichment, and, again, none of the Defendants received any sort of benefit required to properly plead a cause of action for unjust enrichment.

23. The Plaintiff has failed to satisfy all three elements of the cause of action for unjust enrichment. The claim for unjust enrichment should be dismissed on this basis alone in addition to the fact that Plaintiff's own pleading admits that none of the Defendants received any sort of

benefit either by direct ownership of the real estate, or indirectly.

24.

### C. Standing

25. Standing is one of the necessary elements required to maintain and even plead a cause of action in Florida. *See Miteva v. Am. Express Bank, FSB,* 149 So. 3d 755 (Fla. 3rd DCA 2014).

26. "As the Supreme Court has explained, the 'irreducible constitutional minimum' to establish Article III standing requires three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Salcedo v. Hanna*, 936 F.3d 1162, 1166 (11th Cir. 2019)(*citing Spokeo, Inc. v. Robins*, 578 U.S. 330, 337, 136 S. Ct. 1540, 1546, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

27. To establish standing, an injury must in fact be concrete and cannot be hypothetical or speculative. *See Id.*

28. In the instant case, Plaintiff complains of injury in the form of conversion and/or theft of real estate located at 1560/1568 Drexel Avenue.

29. The real estate was owned by either DRO 15R, LLC, or 1560/1568 Drexel Ave, LLC, and not the Plaintiff.

30. Because Plaintiff has never owned the real estate that is the subject of the Second Amended Complaint (Corrected), Plaintiff lacks the standing necessary to enforce a claim for conversion on behalf of either DRO 15R, LLC, or 1560/1568 Drexel Ave, LLC as they are not Plaintiff's in this action.

31. Even if we look at the Second Amended Complaint (Corrected) as true and in the light

most favorable to the Plaintiff, Plaintiff himself did not even suffer any injury, but separate and distinct entities did. For this reason alone, Plaintiff does not have the standing to bring the claims asserted.

## CONCLUSION

For the reasons stated above, the allegations set forth in Plaintiff's Second Amended Complaint (Corrected) lack the necessary sufficiency to demonstrate Mr. Ofer's standing to state a cause of action and fail to meet the elements necessary to state any of the causes of action pled.

## DEMAND FOR ATTORNEY'S FEES

The Defendants, as the prevailing party in this action, make this demand for reasonable attorneys' fees and costs expended in the defense of this action against the Plaintiff pursuant to Fla. Stat. § 772.11.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order dismissing this action against, STEVEN E. GURIAN, MARIN, ELJAIEK, LOPEZ, MARTINEZ, P.L., ERIC SCHIGIEL, and OPUSTONE, with prejudice, and award attorney's fees and costs pursuant to Fla. Stat. § 772.11.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2024, I electronically filed the foregoingdocument with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF orin some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

**SERVICE LIST**

| Name | Email Address |
|---|---|
| Raziel Ofer | Raz.Ofer2@gmail.com |

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 5th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email: AML@YourInsuranceAttorney.com

*By: /s/ Anthony M. Lopez*
Anthony M. Lopez, Esq.
Florida Bar No. 13685