UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20888-MOORE/Elfenbein

**RAZIEL OFER**,

    Plaintiff,

v.

**STEPHEN T. MILLAN**, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTIONS TO STAY DISCOVERY

**THIS CAUSE** is before the Court on two motions: (1) Defendants Steven E. Gurian, Marin, Eljaiek, Lopez & Martinez, P.L., Eric Schigiel, and Opustone's Motion to Stay Discovery Pending Adjudication of Plaintiff's Motion for Leave to Amend the Second Amended Complaint and Defendants' Motion to Dismiss Third Amended Complaint ("Motion to Stay"), *see* ECF No. [89]; and (2) Defendants AJAR Holdings, LLC, Stuart R. Kalb, Stephen T. Millan, Millan Law Firm PA, Roniel Rodriguez IV, and Roniel Rodriguez IV, PA's Motion to Stay Discovery, *see* ECF No. [94] (collectively, the "Motions to Stay"). The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." *See* ECF No. [25]. For the reasons explained below, I **RECOMMEND** that the Motions to Stay, **ECF No. [89]** and **ECF No. [94]**, be **GRANTED**.

    **I.**    **BACKGROUND**

*Pro se* Plaintiff Raziel Ofer initiated this action on March 6, 2024. *See* ECF No. [1]. In the six months since then, the Complaint has been amended numerous times. *See* ECF No. [4];

ECF No. [54]; ECF No. [75]. The culmination of those amendments is the complaint Plaintiff filed on August 15, 2024 (the "Final Amended Complaint"), *see* ECF No. [76], which is the operative one.

In various groups, all eleven Defendants have moved to dismiss the Final Amended Complaint. *See* ECF No. [88]; ECF No. [93]; ECF No. [95]; ECF No. [100]. Defendants Gurian, Marin, Eljaiek, Lopez & Martinez, P.L., Schigiel, and Opustone (the "Gurian Defendants") base their Motion to Dismiss primarily on their contention that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. [88] at 1–8. They also argue that the Court does not have jurisdiction to decide Plaintiff's claims both because he lacks standing to bring them and because the *Rooker-Feldman* doctrine bars them. *See* ECF No. [88] at 8–13.

Defendants AJAR Holdings, LLC, Kalb, Millan, Millan Law Firm PA, Rodriguez, and Roniel Rodriguez IV, PA (the "Rodriguez Defendants") filed two different Motions to Dismiss. *See* ECF No. [93]; ECF No. [95]. In the first, they argue that the Court should dismiss the Final Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6) because it suffers from the following defects: "lack of subject matter jurisdiction," "lack of standing," it is an "improper shotgun pleading," it "fail[s] to state a claim," and it violates "the *Rooker-Feldman* Doctrine." *See* ECF No. [93] at 1. In the second, they argue that the fugitive disentitlement doctrine, an equitable doctrine that limits a fugitive's access to file his own claims in court for refusing to otherwise submit to the court's authority, bars Plaintiff from pursuing the claims in the Final Amended Complaint,. *See generally* ECF No. [95].

Finally, Defendant Santiago Eljaiek bases his Motion to Dismiss on his contention that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), at

least as to him, because the Final Amended Complaint relies "on broad, conclusory statements that fail to tie specific, wrongful acts to" him individually.  *See* ECF No. [100] at 4.

Along with their Motions to Dismiss, the Gurian Defendants and the Rodriguez Defendants filed Motions to Stay Discovery until the Court has ruled on the various Motions to Dismiss.  *See* ECF No. [89]; ECF No. [94].  In their Motion to Stay, the Gurian Defendants argue that a stay would be in "the interest of judicial economy" because the Court's rulings on the Motions to Dismiss could "narrow the issues that would be litigated and likewise narrow the scope of discovery."  *See* ECF No. [89] at 2–3.

In their Motion to Stay, the Rodriguez Defendants argue that a stay would "conserve limited judicial resources" because addressing "facial challenges" like the ones in the Motions to Dismiss "before permitting discovery" "lessens unnecessary costs."  *See* ECF No. [94] at 3–4.  They note that "threshold issues related to standing," which they assert in their first Motion to Dismiss, "are case dispositive and constitute a facial challenge properly resolved before discovery."  *See* ECF No. [94] at 4.  And they assert that, because "there will be no more amendments" to the Final Amended Complaint, staying discovery until the Court rules on the Motions to Dismiss would cause "absolutely no prejudice" to Plaintiff but would result in the "undue expenditure of time and resources by the Court, the attorneys," and the other Parties in this case.  *See* ECF No. [94] at 4.

Plaintiff did not respond to the Gurian Defendants' Motion to Stay, but he responded to the Rodriguez Defendants' Motion to Stay (the "Response").  *See* ECF No. [97].  In his Response, Plaintiff contends he "has squarely refuted and discredited" the Rodriguez Defendants' arguments in support of dismissal "in his objection and response to" their Motions to Dismiss.  *See* ECF No. [97] at 2.  Specifically, Plaintiff argues the Rodriguez Defendants'

Motions to Dismiss present an "erroneous view of diversity" jurisdiction and an incorrect assertion "that the fugitive disentitlement doctrine" applies here, as Plaintiff asserts there is "no nexus" between this case and the criminal action in which he is a fugitive. *See* ECF No. [97] at 2. Because of those purported problems with the Rodriguez Defendants' Motions to Dismiss, Plaintiff asserts the Final Amended Complaint "should survive dismissal" and the Rodriguez Defendants' Motion to Stay should be denied. *See* ECF No. [97] at 2–4.

In support of their Motion to Stay, the Rodriguez Defendants argue that "this Court lacks subject jurisdiction" and that the Final Amended Complaint "is a classic shotgun pleading," both of which "are case dispositive" deficiencies. *See* ECF No. [102] at 2–4. Because those arguments are "threshold determinations," they assert "it makes little to no sense to expend scarce judicial resources" and their own "time and effort . . . wrangling over discovery that is objectionable, premature and irrelevant" until the Court rules on them. *See* ECF No. [102] at 2. That is particularly true, they argue, because Plaintiff has not made "any claim or" given any "basis for prejudice that he might suffer" from a stay, while they "are effectively without recourse against" Plaintiff because he is a "fleeing felon." *See* ECF No. [102] at 2–3 (footnote omitted).

## II.     LEGAL STANDARDS

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Within that discretion, it is "the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Id.* (quotation marks omitted). "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the

4

court system can be avoided." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

"Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Id.* "For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* (footnotes omitted). "Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.*

One kind of challenge courts should resolve "before discovery begins" is a "[f]acial challenge[] to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief." *See id.* at 1367 (footnote omitted); *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) ("As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal."). Courts should resolve that kind of challenge before discovery because it "always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true," so "neither the parties nor the court have any need for discovery before the court rules on the motion." *See Chudasama*, 123 F.3d at 1367.

"In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the

motion will be granted and entirely eliminate the need for such discovery." *Skuraskis v. NationsBenefits Holdings, LLC*, ___ F. Supp. 3d ___, 2023 WL 8698324, at *2 (S.D. Fla. Dec. 15, 2023) (citation omitted). "Both concerns are important — while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Cabrera*, 331 F.R.D. at 186.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (quotation marks omitted). "[W]here a pending motion may dispose of the entire action, granting a stay of discovery not necessary for resolution of the motion may be justified." *Skuraskis*, 2023 WL 8698324 at *2. If a motion to dismiss raises "potentially fatal pleading" and jurisdictional "deficiencies," staying discovery is warranted. *See id.* at *5. But if there "there appears to be a genuine dispute as to whether" a claim or defense is meritorious, staying discovery is not warranted. *See Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013). The "proponent of a stay of discovery bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Cuhaci*, 540 F. Supp. 3d at 1187 (quotation marks omitted).

### III.   DISCUSSION

After a preliminary peek at Defendants' Motions to Dismiss, *see* ECF No. [88]; ECF No. [93]; ECF No. [95]; ECF No. [100], it appears a stay of discovery is appropriate. Cumulatively,

the Motions to Dismiss raise several potentially fatal pleading and jurisdictional deficiencies, *see Skuraskis*, 2023 WL 8698324 at *5, including problems with subject-matter jurisdiction, standing, and clarity (or lack thereof) with which Plaintiff alleged his claims. The Motions to Dismiss also raise several other arguments suggesting that Plaintiff has failed to state a claim upon which relief can be granted, *see* ECF No. [88]; ECF No. [93]; ECF No. [100].

More precisely, while the Court does not comment upon the merits of all arguments raised in the Motions to Dismiss, it observes that the following arguments appear to be clearly meritorious and truly case dispositive: (1) a lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine, which bars a party who lost in state court from seeking what in substance would be appellate review of the state judgment in federal district court; (2) a lack of subject-matter jurisdiction based on a failure of complete diversity, which stems from the unclarity around Plaintiff's citizenship; (3) a justiciability issue based on lack of standing, which arises out of the fact that Plaintiff did not own the property at issue at the times relevant to this action. *See* ECF No. [88]; ECF No. [93]; ECF No. [95]. Because any one of those arguments has the potential to be truly case dispositive, a stay of discovery is warranted. *See Cuhaci*, 540 F. Supp. 3d at 1187.

That is particularly true where, as here, a delay in discovery would not create case management and scheduling problems or unfairly hold up the prosecution of the case. *See Cabrera*, 331 F.R.D. at 186. After balancing the nonexistent harm a delay in discovery would cause here against the possibility that the Motions to Dismiss will be granted and entirely eliminate the need for such discovery, *Skuraskis*, 2023 WL 8698324 at *2, I respectfully **RECOMMEND** that the Motions to Stay, **ECF No. [89]** and **ECF No. [94]**, be **GRANTED**.

The Parties will have fourteen (14) days from the date of being served with a copy of this

CASE NO. 24-CV-20888-MOORE/Elfenbein

Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers in Miami, Florida on September 23, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel of Record

  Raziel Ofer, *PRO SE*
  3701 Degarmo Ln
  Miami, FL 33133
  646-431-7934
  Raz.Ofer2@gmail.com