**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-20888-KMM

RAZIEL OFER,

    Plaintiff,

v.

STEPHEN T. MILLAN, *et al.*,

    Defendants.

                                       /

## ORDER

THIS CAUSE came before the Court upon the following motions: (1) Defendants Steven E. Gurian ("Gurian"), Marin, Eljaiek, Lopez & Martinez, P.L. ("Marin Law Firm"), Eric Schigiel ("Schigiel"), and Opustone's Motion to Dismiss ("Gurian Motion") (ECF No. 88); (2) Defendants AJAR Holdings, LLC ("AJAR Holdings"), Stuart R. Kalb ("Kalb"), Stephen T. Millan ("Millan"), Millan Law Firm PA ("Millan Law Firm"), Roniel Rodriguez IV ("Rodriguez"), and Roniel Rodriguez IV, PA ("Rodriguez Law Firm")'s Motion to Dismiss ("First Rodriguez Motion") (ECF No. 93); (3) AJAR Holdings, Kalb, Millan, the Millan Law Firm, Rodriguez, and the Rodriguez Law Firm's Second Motion to Dismiss ("Second Rodriguez Motion") (ECF No. 95); (4) Defendant Santiago Eljaiek, III ("Eljaiek")'s Motion to Dismiss ("Eljaiek Motion") (ECF No. 100); and (5) *Pro se* Plaintiff Raziel Ofer's Motion Requesting Hearing or, Alternatively, a Report and Recommendation ("Motion for Hearing") (ECF No. 119). The Court referred the matter to the Honorable Marty Fulgueira Elfenbein, who issued a Report and Recommendation recommending that the Gurian Motion, First Rodriguez Motion, and Eljaiek Motion be GRANTED, the Second Rodriguez Motion be DENIED, and the Motion for Hearing be DENIED AS MOOT. ("R&R") (ECF No. 121). Plaintiff filed Objections to the R&R. ("Objs.") (ECF No. 126). Defendants Gurian, Marin Law Firm, Schigiel, and Opustone filed a joint Response to the Objections. (ECF No. 129). Defendants AJAR Holdings, Kalb, Rodriguez, and Rodriguez Law Firm also filed a

joint Response to the Objections. (ECF No. 130). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

I.     **BACKGROUND**

This case stems from the allegedly improper sale and resulting contested ownership of two buildings in Miami Beach located at 1560 and 1568 Drexel Avenue (the "Drexel Buildings"). R&R at 3; ("SAC") (ECF No. 76) at 4–5. Prior to March 2021, the Drexel Buildings were owned by corporate entity(ies) of which Plaintiff owned or was a member of.[1] *See* R&R at 3; SAC at 23–27. In March 2021, pursuant to a Florida state court order, the Miami-Dade County Sheriff conducted a judicial sale ("Sheriff's Sale") of Plaintiff's membership interests in the corporate entity(ies) that owned the Drexel Buildings, which were purchased by Defendant AJAR Holdings for $5.00. *See* R&R at 32, 36, 41; SAC at 16–17. Plaintiff alleges that the Drexel Buildings are valued at over $40 million and that they were wrongly taken from him by Defendant AJAR Holdings along with the other Defendants. R&R at 3; SAC at 4.

Specifically, Plaintiff alleges that beginning in March 2019, all the Defendants "conspired to knowingly and intentionally commit extrinsic fraud" . . . "in order to obtain a money judgment against Plaintiff Ofer which Defendant(s) then utilized to steal [the Drexel Buildings]" from Plaintiff. SAC at 4–5. Further, Plaintiff alleges that Defendants intentionally violated the terms of an April 8, 2021 settlement agreement regarding a related state court lawsuit, in an effort to further deprive Plaintiff of the Drexel Buildings and their monetary benefits. R&R at 3. Additionally, Plaintiff alleges that he still owns a construction lien and a leasehold interest on the

---

[1] As Magistrate Judge Elfenbein notes, based on conflicting allegations in the SAC, it is unclear exactly which corporate entity(ies) owned the Drexel Buildings at this time. R&R at 32, n. 7. Plaintiff alleges that on November 3, 2020, ownership of the Drexel Buildings was transferred from 1560/1568 Drexel LLC to DRO 15R LLC. SAC at 24. Next, Plaintiff alleges that by March 2021, ownership of the Drexel Buildings had been transferred from 1560/1568 Drexel LLC to 3003 Indian Creek LLC. *Id.* at 27. Next, Plaintiff alleges that in March 2021, 1560/1568 Drexel LLC still owned the Drexel Buildings. *Id.* at 28.

Drexel Buildings, and Defendants AJAR Holdings, Kalb, Rodriguez, and Rodriguez Law Firm have failed to pay Plaintiff anything toward what he is owed. *Id.*

On March 6, 2024, Plaintiff initiated the instant Action, *see* (ECF No. 1), and on August 15, 2024, Plaintiff filed his *pro se* Second Amended Complaint (Corrected). *See generally* SAC. The SAC asserts six claims: (1) conversion (Count I); unjust enrichment (Count II); theft (Count III); leasehold enforcement (Count IV); ejectment (Count V); and breach of contract (count VI). *See id.* at 27–41. Plaintiff brings Counts I, II, and III against all eleven Defendants based on their alleged theft of the Drexel Buildings from Plaintiff. *Id.* at 27–33. Plaintiff brings Counts IV, V, and VI against Defendants AJAR Holdings, Kalb, Rodriguez, and Rodriguez Law Firm based on Defendants allegedly failing to pay Plaintiff what he is owed on the construction lien and leasehold interest on the Drexel Buildings, in addition to failing to deliver Plaintiff possession of the Drexel Buildings. *Id.*

In response, Defendants filed the Gurian Motion, First Rodriguez Motion, Eljaiek Motion, and the Second Rodriguez Motion (collectively, the "Motions to Dismiss") seeking dismissal of all counts in the SAC. The Gurian Motion and Eljaiek Motion seek dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the First Rodriguez Motion seeks dismissal for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Second Rodriguez Motion seeks dismissal based on the fugitive disentitlement doctrine. *See* (ECF Nos. 88, 93, 95, 100).

On January 15, 2025, Magistrate Judge Elfenbein issued an R&R on Defendants' Motions to Dismiss and Plaintiff's Motion for Hearing, recommending that the Court: (1) grant the Gurian Motion, First Rodriguez Motion, and Eljaiek Motion; (2) deny the Second Rodriguez Motion; and

(3) deny as moot Plaintiff's Motion for Hearing.  *See generally* R&R.  Plaintiff objects to Magistrate Judge Elfenbein's findings.  *See generally* Objs.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III. DISCUSSION

As set forth in the R&R, Magistrate Judge Elfenbein finds that the claims against Defendants should be dismissed because: (1) Plaintiff does not have standing to bring his claims; (2) even if Plaintiff has standing, the equitable doctrines of *Rooker-Feldman* and issue preclusion bar the claims as to Defendants; (3) even if Plaintiff has standing and the equitable doctrines of *Rooker-Feldman* and issue preclusion do not apply, Plaintiff fails to properly plead claims upon which relief can be granted.  R&R at 32–43.

First, Magistrate Judge Elfenbein finds that Plaintiff does not have standing to bring his claims because Plaintiff has not suffered the kind of concrete injury required to establish Article III standing. *See id.* at 32–35. Specifically, Magistrate Judge Elfenbein finds that Plaintiff does not have standing to bring his conversion (Count I), unjust enrichment (Count II), and theft (Count III) claims against Defendants because: (1) corporate entity(ies), not Plaintiff, owned the Drexel Buildings when they were sold, and as such, Plaintiff did not suffer an injury based on the Sheriff's Sale of the Drexel Buildings; and (2) Plaintiff, as an alleged shareholder of the entity(ies) that owned the Drexel Buildings, has failed to allege an injury that would support standing for a derivative claim on behalf of the corporate entity(ies). *Id.* at 32–33. Further, Magistrate Judge Elfenbein finds that Plaintiff does not have standing to bring his leasehold enforcement (Count IV), ejectment (Count V), and breach of contract (count VI) claims against Defendants AJAR Holdings, Kalb, Rodriguez, and Rodriguez Law Firm because: (1) as with Counts I, II, and III, Plaintiff did not suffer an injury when the Drexel Buildings were sold because Plaintiff did not own the Drexel Buildings then and does not own them now; and (2) Plaintiff's other arguable basis for standing to bring his claims, based on his allegations that he owns a construction lien and leasehold interest on the Drexel Buildings, has already been conclusively decided against him in Plaintiff's 2022 federal bankruptcy action. *Id.* at 33–35; *see In re DRO 15R LLC*, 649 B.R. 216, 233–36 (Bankr. S.D. Fla. 2022).

Plaintiff generally objects to Magistrate Judge Elfenbein's findings that Plaintiff does not have standing to bring Counts I, II, and III against all Defendants, and Counts IV, V, and VI against Defendants AJAR Holdings, Kalb, Rodriguez, and Rodriguez Law Firm. *See* Objs. 2–7. As best the Court can tell, Plaintiff raises one specific, primary objection to the R&R's recommendation that the claims against Defendants should be dismissed because Plaintiff lacks standing. *See id.*

Plaintiff contends that Magistrate Judge Elfenbein failed to appreciate that Plaintiff's claims are "separate and distinct from the entities which owned the [Drexel Buildings]" at the time of the Sheriff's Sale.[2] *Id.* at 6.  Specifically, Plaintiff asserts that he "suffered an injury separate and distinct from the entities which owned the [Drexel Buildings]" because Plaintiff personally has a "multitude of liens . . . recorded against the [Drexel Buildings]" to recoup the "millions of dollars in renovation funds and the funds he personally invested" in the property. *Id.*  Additionally, Plaintiff states that he has personal "assignments of the right to collect income from the [Drexel Buildings]." *Id.*  However, Plaintiff's objection disregards Magistrate Judge Elfenbein's detailed consideration of Plaintiff's alleged personal construction lien and leasehold interest on the Drexel Buildings.  *See* R&R at 34–35.

Magistrate Judge Elfenbein explains that the issue of whether Plaintiff owns a valid lien or leasehold interest on the Drexel Buildings was already adjudicated against Plaintiff by Judge Isicoff in Plaintiff's 2022 federal bankruptcy action.  *See id.*; *In re DRO 15R LLC*, 649 B.R. at 233.  As Magistrate Judge Elfenbein explains, Judge Isicoff held that "the construction contract that purportedly supported the lien and granted the leasehold was 'not a legitimate document' and was instead 'manufactured.'"  *Id.* at 34 (quoting *In re DRO 15R LLC*, 649 B.R. at 233). Additionally, Judge Isicoff held that "as evidenced by documents executed by Plaintiff or his corporate entity's authorized agent, 'all claims of lien against the' Drexel [B]uildings 'had been satisfied.'" *Id.* (quoting *In re DRO 15R LLC*, 649 B.R. at 233–34).  As Magistrate Judge Elfenbein explains, the Court must give conclusive effect to these holdings based on the equitable doctrine of issue preclusion, and accordingly, Plaintiff "has not been injured by a deprivation of a lien or

---

[2] Plaintiff acknowledges that corporate entity(ies), not him, owned the Drexel Buildings at the time of the Sheriff's Sale and does not allege that he is attempting to bring a derivative action on the corporate entity(ies) behalf. *Id.* at 6.

6

leasehold interest in a way that confers standing." *Id.* (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015)).[3]

Upon independent review, the Court agrees with Magistrate Judge Elfenbein's well-reasoned analysis that Plaintiff does not have standing to bring the six claims alleged in the SAC, and therefore, the Gurian Motion, First Rodriguez Motion, and Eljaiek Motion's must be granted, and Plaintiff's claims must be dismissed. Additionally, the Court notes that the R&R provides a thorough, comprehensive analysis of why, if the Court found that Plaintiff did have standing, Plaintiff's claims must still be dismissed based on the equitable doctrines of *Rooker-Feldman* and issue preclusion and because Plaintiff fails to properly plead claims upon which relief can be granted. *See* R&R at 35–43. However, because the Court agrees with Magistrate Judge Elfenbein that Plaintiff lacks standing to bring his claims, the Court need not address these additional grounds for dismissal. *See Hitt v. City of Pasadena*, 561 F.2d 606 (5th Cir. 1977).

Regarding the Second Rodriguez Motion, Magistrate Judge Elfenbein recommends that it be denied. R&R at 39–40. In the Second Rodriguez Motion, Defendants AJAR Holdings, Kalb, Millan, Millan Law Firm, Rodriguez, and Rodriguez Law Firm argue that Plaintiff's SAC should be dismissed based on the fugitive disentitlement doctrine. *Id.* at 8. Defendants AJAR Holdings, Kalb, Millan, Millan Law Firm, Rodriguez, and Rodriguez Law Firm filed the Second Rodriguez Motion on the same day, but separately from, the First Rodriguez Motion. *Id.* at 8; (ECF Nos. 93, 95). Magistrate Judge Elfenbein explains that pursuant to Federal Rule of Civil Procedure 12(g), a party that has previously filed a motion to dismiss is prohibited "'from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to

---

[3] The Court notes that Plaintiff's Objections are filled with various conspiracy theories regarding Judge Isicoff, but Plaintiff fails to raise any cognizable arguments as to how Plaintiff's "multitude of liens" and "assignments" confer standing given Judge Isicoff's findings in Plaintiff's federal bankruptcy action. *See id.* at 6–7.

dismiss.'" R&R at 39 (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)).

Here, Magistrate Judge Elfenbein explains that because Defendants AJAR Holdings, Kalb, Millan, Millan Law Firm, Rodriguez, and Rodriguez Law Firm could have raised their fugitive disentitlement doctrine argument in the First Rodriguez Motion and because the argument does not fall into one of the Federal Rule of Civil Procedure 12(h)(2) or (3) exceptions, the Court cannot consider the Second Rodriguez Motion. *Id.* at 39–40; *see* Fed. R. Civ. P. 12(g), (h)(2)-(3). Defendants AJAR Holdings, Kalb, Millan, Millan Law Firm, Rodriguez, and Rodriguez Law Firm did not object to the R&R. The Court agrees with Magistrate Judge Elfenbein's recommendation that the Second Rodriguez Motion be denied.

Accordingly, the Court adopts Magistrate Judge Elfenbein's thorough and well-reasoned R&R. Additionally, dismissal with prejudice is warranted here as Plaintiff has already been given two opportunities to amend his complaint, and any further amendment would be futile given that Plaintiff did not own the Drexel Buildings at the time of the Sheriff's Sale and the issue of whether Plaintiff held a valid construction lien or leasehold interest on the Drexel Buildings has already been conclusively decided against him. *See Cornelius v. Bank of Am., NA*, 585 Fed. Appx. 996, 1000 (11th Cir. 2014).

**IV.   CONCLUSION**

UPON CONSIDERATION of the R&R, the Objections, the Motions to Dismiss, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 121) is ADOPTED. The Gurian Motion, First Rodriguez Motion, and Eljaiek Motion are GRANTED. (ECF Nos. 88, 93, 100). The Second Rodriguez Motion is DENIED. (ECF No. 95). Plaintiff's Motion for Hearing is DENIED AS MOOT. (ECF No. 119). Plaintiff's Second Amended Complaint (Corrected) (ECF No. 76) is

DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT. The Clerk of Court is INSTRUCTED to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ day of February, 2025.

K. M. Moore
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

Raziel Ofer, *PRO SE*
3701 Degarmo Ln
Miami, FL 33133
646-431-7934
Raz.Ofer2@gmail.com