UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 1:24-CV-20888-KMM

RAZIEL OFER,
    Plaintiff,

vs.

STEPHEN T. MILLAN, individually,
MILLAN LAW FIRM PA, a Florida for Profit Corporation,
RONIEL RODRIGUEZ IV, individually,
RONIEL RODRIGUEZ IV PA, a Florida for Profit Corporation,
AJAR HOLDINGS LLC, a foreign limited liability company,
STEVEN E. GURIAN, individually,
SANTIAGO ELJAIEK, III, individually,
MARIN, ELJAIEK, LOPEZ, MARTINEZ PL, a Florida
Professional Limited Liability Company,
STUART R. KALB, individually,
ERIC SCHIGIEL, individually,
OPUSTONE, a Florida for Profit Corporation.
    Defendant(s).
_____/



FILED BY _____ D.C.
APR 01 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF OFER'S *THIRD RENEWED* MOTION FOR RECONSIDERATION OF THIS COURT'S ADOPTION OF THE MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS AND MOTION FOR HEARING [ECF NO. 121]

PLAINTIFF, RAZIEL OFER ("Ofer"), proceeding in this matter as a pro se litigant, moves the Court to reconsider the Court's adoption of the Magistrate's Report and Recommendation on the Motion To Dismiss and Motion For Hearing [ECF No. 121] on due process grounds AND NEW INFORMATION for this Court to consider in the proper light of said information. In support, Ofer states the following:

1. The Magistrate issued its report and recommendation to five pleadings presented to it for consideration, which was issued on Jan. 15, 2025, with instructions to the party to issue any objections to the report and recommendation within the time

stated within the report pursuant to 28 U.S.C. §636(b) and S.D.F.L. Magistrate Local Rule 4(b).

2. In a timely manner, the Plaintiff issued his objections to the report which was docketed on the record on Jan. 29, 2025.

3. The Defendants did not enter any objections to the report and recommendation itself, but did respond to the objections made by Ofer entering them in the record on Feb. 12, 2025, ECF Nos. 129 and 130 on the last day of the response period.

4. Prior to the adoption of the report and recommendation, Ofer entered his motion for leave to amend the objections which were entered timely on Jan. 29, 2025 because Fed. R. Civ. P. 72(b)(2), absent court authorization, Rule 72 does not provide the original objecting party an opportunity to submit another reply.

5. The Court adopted the Magistrate's report and recommendation on Feb. 26, 2025, dismissing the matter and closing the case *during the time when Ofer's motion for leave to amend was still pending before the Court*.

6. After the Court denied the motion to reconsider its prior decision, the magistrate judge recused herself from this matter which allows Ofer the ability to move the Court to reconsider the Objections once again as the recusal of the Magistrate was couched in antisemitic allegations which indicates the Magistrate was not partial in her review and supportive of the continuing corruption which has been pursued by Bankruptcy Judge Laurel Isicoff. In addition, Ofer had clear information that the Magistrate was 'influenced' by 3rd party into entering this report and recommendations. The information manifested itself clearly as the Magistrate specified at the r&r certain rulings allegedly made by Judge Isicoff, which clearly

contradicted what Isicoff did say on the record. As an example, the Report alleges that Judge Isicoff had invalidated the CDI (now assigned) lien, where the transcript of the motion for reconsideration before Judge Isicoff clearly says the exact opposite, that since the CDI lien isn't a property of the estate, as Judge Isicoff ruled that Ajar somehow owns the property, than the Court has no jurisdiction over the CDI lien, as the Stay didn't apply to the lien. The Stay would have only applied to the CDI lien had Judge Isicoff ruled that DRO (Petitioner) owned the property, but she didn't. Judge Isicoff also issued an order clarifying her ruling, repeating that she never invalidated CDI lien. In her clarification, Judge Isicoff mentioned that Ofer and/or RO 15R LLC can't foreclose. The Ofer and RO 15R lien are irrelevant, as in our complaint and subsequent motions for reconsideration, we only claim that the CDI lien hasn't been invalidated and therefore the construction agreement, which is based on the CDI lien (now assigned) is enforceable. When faced with Judge Isicoff's clarification order, Judge Moore, instead of admitting the corrupt decision, has just said that Ofer and RO 15R can't foreclosure, yet again deliberately ignoring the complaint and motions for reconsiderations which only refer to the CDI lien. This motion for reconsideration is a last attempt to get Judge Moore to reverse his corrupt decision, instead of wasting the Eleventh Circuit Court of Appeal (Eleventh) time and resources. As Judge Isicoff clarification order is so clear, it would seem appropriate for the Eleventh to conduct a criminal complaint into this decision, which might not be in Judge's Moore best interest. As part of such an investigation, it would become clear that Judge Moore only rushed to dismiss the complaint, the same day I emailed the Magistrate asking for help

arranging the deposition of former disgraced Judge, Judge Stephen Millan, who is detailing in a recorded call, the bribes, etc, of certain Miami Judges, like Judge Isicoff, Judge Jung, Judge Butchko, Judge Guzman and Judge Moore, such an investigation is not at Judge's Moore best interest. Judge Isicoff clarification's order is attached as EXHIBIT A).

7. The Court has several opportunities to reverse course with the decisions that have been made after being presented with precise clarifications of the positions which Bankruptcy Judge Isicoff ruled in the various orders which the Magistrate relied upon in issuing her Report and Recommendation.

8. Ofer's position was clear in his intent to present the factual information which the Report relied upon, in substance, and show the Court where there were major discrepancies to which the actual rulings made by Judge Isicoff and the Report conflicted with each other.

9. Yet the Court remains steadfast in its position to disregard the actual clear and present conflicting rulings which were absolutely erroneous in the Report in light of the rulings issued by Judge Isicoff.

10. In the most recent rendition denying Ofer's reconsideration, the Court stated that

> "The Court previously denied Plaintiff's first and second Motions for Reconsideration (ECF Nos. 141, 144, 149, 150) which requested the same relief as the instant Motion. Now, Plaintiff states that since he has provided new evidence, "the pertinent parts of the transcript of the 2022 reconsideration hearing" in front of Bankruptcy Judge Isicoff and Bankruptcy Judge Isicoff's November 18, 2022, Order on Robert Mendez's Motion for Clarification, that he is entitled to reconsideration. 154 at 6-10, Ex. A. The Court fails to see how the parts of the 2022 transcript and November 18, 2022, Order provided by Plaintiff qualifies as newly-discovered evidence where both Magistrate Judge Elfenbein in her Report and

> Recommendation and this Court in its Order considered Bankruptcy Judge Isicoff's holdings in Plaintiff's 2022 federal bankruptcy action. Further, the Court fails to see how this evidence helps Plaintiff's position, where, for example, Bankruptcy Judge Isicoff's Order on Robert Mendez's Motion for Clarification states: "The CDI Claims of Lien are certainly not enforceable by Raziel Ofer or RO 15R, LLC for all of the reasons set forth in the Summary Judgment Order."

11. The reconsideration motions clearly set forth the rulings for judge Isicoff with regards to the CDI liens where Ofer identified that the CDI liens filed in 2024 after the dismissal of the bankruptcy formed the basis for the instant action's enforcement which in no way can form the basis for ANY ruling made by Judge Isicoff.

12. It is impossible that any ruling by Judge Isicoff contemplated the existence of any lien filed after a dismissal of the action. It is unreasonable in any sense of the word for the Court to assume that a ruling made in 2022 and 2023 in the bankruptcy action could assume a recorded instrument filed a year later, after the ruling was promulgated.

13. Further, the clarification order on Mendez's motion directed that no property which was not a constituent component of the bankruptcy estate could conceivably be ruled upon by Judge Isicoff.

14. Ofer's complaint, the various motions for reconsiderations, in addition to the merits of the cases, Magistrate Judge Elfenbein said that since Judge Isicoff invalidated the CDI lien than the CDI lien and the construction agreement are void, based on Isicoff's decision.

15. When Ofer provided the transcript of the motion for reconsideration, before Judge

Isicoff, pointing out to the part where Judge Isicoff confirms that she didn't and couldn't have invalidated the CDI lien and construction agreement, the Court still refused to grant the various motions for reconsiderations.

16. The 2024 CDI liens did not exist at the time of the clarification order on Mendez's motion, thus could not be contemplated by the order. Thus, the liens fall outside any ruling by the bankruptcy court, did not violate any automatic stay by being filed after the dismissal of the bankruptcy, as motioned for by the trustee, and forms the basis independent of such rulings and were appropriately assigned to Ofer after being recorded by CDI.

17. Yet, the Court glosses over these facts to state that the very CDI liens which are factually independent of and could not be contemplated by ANY bankruptcy order are not enforceable due to the very orders which could not conceivably contemplate them.

18. Further, the Court's position where the Court fails to see how this could help Ofer's position is preposterous and insults the intelligence which the law contemplates for the reasons previously stated.

19. Finally, there is an independent basis outside the lien which exists regarding the construction agreement which Ofer sought to enforce, namely the leasehold provision located at Section 8.3 of that Agreement.

20. This was a grant under the agreement of a possessory property interest which is a factual basis apart from the CDI liens albeit based on the payment of funds owed under the construction agreement to Ofer by virtue of an assignment of the Agreement to himself from CDI who, themselves, were a party in privity with the

Agreement.

21. Ofer will make this last attempt to allow the Court to reverse position on the Report's adoption, in light of the proper reading of the bankruptcy court's contemplations and allow the continued prosecution of this matter on the merits of the case.

<u>SUBSTANTIVE LAW ON REPORT AND RECOOMENDATIONS</u>

Pursuant to federal law, A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636. This ***requires*** that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.1982)). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). The district judge ***has discretion to consider*** or to decline to consider arguments that were not raised before the magistrate judge. <u>Stephens v. Tolbert</u>, 471 F.3d 1173, 1176 (11th Cir. 2006); see also Williams v. McNeil, 557 F. 3d 1287, 1292 (11th Cir. 2009).

The adoption order of the Court stated,

> "Magistrate Judge Elfenbein explains that the issue of whether Plaintiff owns a valid lien or leasehold interest on the Drexel Buildings ***was already adjudicated*** against Plaintiff by Judge Isicoff in Plaintiffs 2022 federal bankruptcy action. See

id.; *In re DRO 15R LLC*, 649 B.R.at 233. As Magistrate Judge Elfenbein explains, Judge Isicoff held that "the construction contract that **_purportedly supported the lien_** and granted the leasehold was 'not a legitimate document' and was instead 'manufactured.'" *Id.* at 34 (quoting *In re DRO 15R LLC*, 649 B.R. at 233). Additionally, Judge Isicoff held that "as evidenced by documents executed by Plaintiff or his corporate entity's authorized agent, 'all claims of lien against the' Drexel [B]uildings 'had been satisfied.'" *Id.* (quoting *In re DRO 15R LLC*, 649 B.R.at 233-34). As Magistrate Judge Elfenbein explains, the Court must give conclusive effect to these holdings based on the equitable doctrine of issue preclusion, and accordingly, Plaintiff "has not been injured by a deprivation of a lien or leasehold interest in a way that confers standing." *Id.* (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015))."

Had the Court **_correctly_** considered the amended objections, specifically the 2024 CDI liens filed after the order which Magistrate Judge Elfenbein relied, the Court would have seen clarification on the position regarding the CDI liens as stated by Judge Isicoff in a hearing that took place after the issuance of the summary judgement. There, as stated in the objection and amended objection, Judge Isicoff clarified her position,

> "THE COURT: What I said is I **_didn't rule_**, because it wasn't before me. **_The only thing I said with respect to the CDI lien_**, and I clarified it here, is, if you are correct and I'm wrong --although if I change my mind I guess that makes me right -- but if the property at issue is property of DRO, then the filing of that claim of lien was a stay violation and it is void. Not voidable, void. That's what the law says. Any action taken in violation of the automatic stay is a void act. It doesn't count. It's a nullity. **_If this is not property of the estate, as I have as of this point ruled, then it wasn't a stay violation, and you can argue about the validity in another court, because CDI's lien is not in front of me,_** except on that one discrete issue, okay?
> MR. OFER: This was not property of the estate, it was a Drexel construction agreement that is in question. So this was not property of -- the CDI lien was not property of the estate. It was based on an agreement with Drexel.
> THE COURT: No, no, no. You misunderstood me. If the Drexel property is property of DRO, if I reverse myself or if it's

> property of DRO, then filing that claim of lien was a violation of the automatic stay and it is a void nullity. It has no meaning whatsoever. <u>*If the property is Ajar's, then the filing of the claim of lien was not a stay violation.* **Whether it's valid or not is an issue for another court.**</u>"

So the position here before the Court is distinctive. The Report invalidating the CDI lien is erroneous where Judge Isicoff clearly states the validity of the lien is "an issue for another Court". The discussion for the CDI Liens in the summary judgment only amounted to whether the recording of any liens constituted a violation of the bankruptcy stay**, *if and only if,*** Drexel owned the property, which that Court expressly ruled it did not (a position which the Plaintiff opposes). Validity of any lien was not properly before Judge Isicoff by her own admission and explanation.

The objection points out specifically that two of the CDI Claim of Liens were recorded in 2024. It's impossible for an affidavit filed in 2019 stating that all the work was completed and paid for could account for additional work completed and NOT paid for *AFTER,* the affidavit was recorded and a new lien was recorded. The affidavit and judge Isicoff's summary judgment occurred before the recording of the liens in 2024. Simplified review of a calendar and the passage of time resolves this issue alone. **<u>Issue preclusion cannot apply to the 2024 claims of lien, period, as they were not in existence at the time of Judge Isicoff's ruling in 2022</u>**. They Could not have been, in any form or fashion, before judge Isicoff for consideration. Those same liens filed in 2024 are the basis for the action here. The amended objection further clarified Florida law on claims of liens, finding that there is independent support absent the construction agreement. In the amended report, its quoted that ,

> "The law is clear that agreements supporting the lien do not

> have to be in writing, however, in this case there is a written agreement (contract) between CDI & Drexel. Fla. Stat. §713.01(5) of Florida's mechanic's lien law defines a contract as including agreements which are "written or **_unwritten_**, express or **_implied,_**" [emphasis added]. For this Court to find no contract support exists is clear error as an implied contract can be the basis for a lien. It is agreed that a contract implied in law, however, is not really a contract. Because a contract implied in law is not a contract, but the mechanic's lien law requires one, a lien is not available where there is only a contract implied in law. *CDS & Assocs. of the Palm Beaches, Inc. v. 1711 Donna Rd. Assocs.*, 743 So. 2d 1223 (Fla. 4th DCA 1999). On the other hand, a **_contract implied in fact_** is an enforceable contract, *CDS* at 1224, and accordingly satisfies the contract requirement of this State's lien law. Common examples of contracts implied in fact are where a person performs services at another's request, or "where services are rendered by one person for another without his expressed request, but with his knowledge, and under circumstances" fairly raising the presumption that the parties understood and intended that compensation was to be paid. *Lewis v. Meginniss*, 30 Fla. 419, 12 So. 19, 21 (Fla. 1892). In these circumstances, the law implies the promise to pay a reasonable amount for the services. *Lamoureux v. Lamoureux*, 59 So. 2d 9, 12 (Fla. 1951); *A.J. v. State*, 677 So. 2d 935, 937 (Fla. 4th DCA 1996); *Dean v. Blank*, 267 So. 2d 670 (Fla. 4th DCA 1972); *Solutec Corp. v. Young & Lawrence Assoc., Inc.*, 243 So. 2d 605, 606 (Fla. 4th DCA 1971). To the extent that the Construction Agreement alone does not support the liens in the mind of the Court, then the conduct of CDI performing work on the property does."

Both plain error review and de novo review would show the reading of the report and recommendation to be incorrect and the Court's adoption of this logic to be incorrect in this regard. Other matters in the amended objections clarified the Court's position in addition to this one.

Another example lies in the Construction Agreement which the Magistrate found to be invalid, an error itself. relying on the summary judgment entered by judge Isicoff, Magistrate supports the agreement is invalid based on the summary judgment. CDI was

not a party to the adversarial bankruptcy proceeding in which the agreement was purported invalidated. Further, Drexel was also not joined to the same proceeding, a point in the summary judgment itself which it was found that Drexel was a indispensable party to the proceeding. Further, the summary judgment discussed the Construction Agreement as providing no support for the claims of lien filed by Ofer and RO15R, LLC, **_not any filed after the fact_** by CDI. The bottom line is that the report and recommendation is wrought with incorrect findings which the record of this Court refutes and the records of the matters relied upon do not support when the positions are clarified by judge Isicoff.

<u>RECONSIDERATION IS PROPER HERE</u>

Given the gravity of the property rights which the Court now deprives Ofer of, based on the ruling in adopting the report and recommendation and dismissing the matter with prejudice without allowing Ofer any meaningful opportunity to raise the issues or amend his complaint, due process concerns arise. The Court plainly did not consider the amended objections nor take to task any of the errors in findings pointed out by Ofer in the objections or proposed amended objections attached to the motion for leave to amend the objections. This failure is tantamount to the loss of a meaningful opportunity to be heard on two grounds (i) the pending motion for leave to amend the objections was before the Court at the time of the adoption as a component of the record to be considered, and (ii) the Plaintiff was denied his opportunity to have those clarifications, with specificity, considered by the Court in its analysis and consideration of the report and recommendation. Here, while the opportunity was there, considering the Court considered the original filed objections, the opportunity was not meaningful, because the Plaintiff's clarifications and specificity to the objections were not considered, albeit a

matter of record. Finally, it is not clear whether a plain error or a de novo standard was used in reviewing the report and recommendation. Both of these issues are critical for appellate review and preservation of the issues. It would be one thing for Ofer to not timely object to the report and recommendation, which he did enter his objections timely, but its something else altogether to ignore a motion for leave to amend the very objections under consideration which existed on the record days prior to the entry of the adoption of the report and recommendation of the Magistrate.

Rule 15(a) contemplates liberal amendment of pleading when justice so requires. Fed.R.Civ.P. 15(a) governs amendments to pleadings and provides that after a responsive pleading has been filed, subsequent amendments are permitted only with leave of the court. The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748 (11th Cir.1984); *Best Canvas Products and Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir.1983). Rule 15(a) **severely restricts** the district court's freedom, directing that leave to amend **_shall be freely given_** when justice so requires. *Espey* at 750. This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, **_the discretion of the district court is not broad enough to permit denial_**. Here, the Court, in essentially not deciding whether to grant leave or deny it, then adopting the report and recommendation without discussion of the amendments, essentially denied motion for leave to amend the objections for the first time. Its Ofer's opinion that this failure is a due process violation depriving him of a meaningful opportunity to be heard.

### Further Evidence of Incorrect Information

There is also evidence that the Court has not considered as to why the rulings of Judge Isicoff are also being purposefully misconstrued by the Court. The attached order from Isicoff shows that the CDI Liens are unaffected and valid. She clarified the fact the if the CDI liens were not property of the bankruptcy estate and recorded during the stay, the liens would otherwise be valid and not properly before the Court. This Court has twisted facts to misstate the obvious. See attached Exhibit A.

### CONCLUSION AND REQUESTED RELIEF

The Court is required to consider specific objections to the report and recommendation based upon a de novo standard of review. The amended objections were not heard. This is tantamount to a deprivation of a meaningful opportunity to be heard on the objections with the pending motion for leave to amend them. Due process concerns are implicated. The Court is requested to reconsider the adoption of the report and recommendation in light of this deprivation and consider the amended objections after granting leave in the interests of justice because it is so required here. The filed objections and pertinent parts of the record and other considerations which were incorporated by reference are attached here to for a de novo review, which is also requested of the Court.

Submitted by,

/s/ _____
Raz OFER
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.OFER2@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of March 2025, a true and correct copy of the foregoing was served by email on all parties of record as required by the Federal Rules of Civil Procedure.

Submitted By,

/s/ _____
Raz OFER
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.OFER2@gmail.com

# EXHIBIT "A"



**ORDERED in the Southern District of Florida on November 18, 2022.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NO. 22-12017-LMI |
| DRO 15R LLC, | Chapter 11 |
| Debtor. _____/ | |
| DRO 15R LLC, a Florida limited liability company, | ADV. CASE NO. 22-01130-LMI |
| Plaintiff, | |
| vs. | |
| AJAR HOLDINGS, LLC, a Wyoming limited liability company, RO 15R, LLC, a Florida limited liability company, and RAZIEL OFER, an individual. | |
| Defendants. _____/ | |

### ORDER ON ROBERT MENDEZ'S MOTION FOR CLARIFICATION

This matter came before the Court upon *Robert Mendez's Motion for Clarification* (ECF #157) (the "Motion") filed on November 17, 2022.[1] The Motion seeks clarification of the Court's ruling in its *Order on Plaintiff's Motion for Summary Judgment and Defendant AJAR Holdings' Cross-Motion for Summary Judgment* (ECF #112) (the "Summary Judgment Order") regarding the validity of the CDI Claims of Lien[2] and the Court's comments on same at the November 15, 2022 hearing (the "Hearing") on the motions to reconsider the Summary Judgment Order.

As every bankruptcy lawyer knows, most post-petition acts to enforce a pre-petition debt against property of the estate are void by virtue of the automatic stay. The statement by the Court at the Hearing merely noted that if DRO were correct, that the Property is property of the estate, then the CDI Claims of Lien are void because they were filed post-petition. If AJAR is the owner of the Property as the Court ruled, the CDI Claims of Lien are not void by virtue of the automatic stay. That does not mean the CDI Claims of Lien are otherwise enforceable by CDI; that issue was not decided by the Court. The CDI Claims of Lien are certainly not enforceable by Raziel Ofer or RO 15R, LLC for all of the reasons set forth in the Summary Judgment Order.

###

Copy furnished to:
David J. Winker, Esq.

 Attorney Winker is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.

---

[1] The Court determined that a hearing on the Motion is not necessary.
[2] Capitalized terms not defined in this order are as used in the Summary Judgment Order.